# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### ROCK ISLAND DIVISION

| | |
|---|---|
| BRANDON MOTTON, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 4:21-CV-4093 |
| CORY RUARK, ) | |
| Defendant. ) | |

## ORDER & OPINION

Plaintiff, proceeding pro se and presently incarcerated at Robinson Correctional Center, brought the present lawsuit pursuant to 42 U.S.C. § 1983. The matter comes before this Court for ruling on Plaintiff's Motion for Extension of Time (Doc. 122), Plaintiff's Partially Agreed Motion to Reopen Discovery for a Limited Purpose (Doc. 123), and Plaintiff's Motion for Leave to File a Reply (Doc. 126).

### PLAINTIFF'S AGREED MOTION FOR EXTENSION OF TIME (DOC. 122)

Plaintiff's motion requests an extension of time to reply to Defendant's Motion in Limine (Doc. 96). The motion is retroactively granted. Plaintiff has since filed the appropriate response within the timeframe requested. *See* (Doc. 124). A new deadline is not necessary.

### PLAINTIFF'S MOTION FOR LEAVE TO FILE A REPLY (DOC. 126)

Plaintiff seeks leave to file a reply to Defendant's response to the motion to reopen discovery. Defendant has not opposed this motion. The motion is granted. The Court will consider the reply attached to Plaintiff's motion.

**PLAINTIFF'S PARTIALLY AGREED MOTION TO REOPEN DISCOVERY (DOC. 123)**

Plaintiff seeks to reopen discovery for the limited purpose of issuing a single set of requests for production, to take no more than three depositions, and to amend disclosures under Fed. R. Civ. P. 25(a)(1) and (a)(2). Defendant has agreed to produce certain documents relevant to Plaintiff's claims and that Plaintiff may depose individuals Defendant identified as witnesses in his initial disclosures.

Defendant objects to Plaintiff's request to amend his expert disclosures to identify expert witnesses. He cites to previous rulings that Plaintiff was "capable of representing himself" within the context of ruling on Plaintiff's motions to request counsel, Judge Hawley's statements regarding appointment of counsel at a previous hearing, and Plaintiff's failure to identify experts while *pro se* to argue that good cause does not exist to reopen discovery and that doing so would unreasonably delay this case.

A motion to reopen discovery requires the moving party to show good cause for doing so. Fed. R. Civ. P. 16(b)(4). "The central consideration in assessing whether good cause exists is the diligence of the party seeking [this relief]." *Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852-53 (7th Cir. 2022).

The Court's Scheduling Order entered September 14, 2021, required Plaintiff to disclose any experts within 60 days. (Doc. 24 at 4, ¶ 10). Plaintiff did not disclose any experts by that deadline. At the time it lapsed, Defendant Ruark had not yet been added as a defendant.

The previous findings that Plaintiff was capable of representing himself were made within the context of ruling on Plaintiff's motions to request counsel. Plaintiff's statement at the August 8, 2024, hearing before Judge Hawley that another inmate had assisted him with "everything" in the case negated these findings and required the Court to conduct a new analysis. (Doc. 100 at 02:10-02-15); s*ee McCaa v. Hamilton*, 893 F.3d 1027, 1033 (7th Cir. 2018) (when a prisoner indicates that he received help from another person, the court must "specifically examine a plaintiff's personal ability to litigate the case, versus the ability of the jailhouse lawyer who assisted.") (internal quotations and citations removed). Judge Hawley stated that he would defer ruling on the issue pending Plaintiff's anticipated written motion seeking appointment of counsel. *Id.* 04:46-5:01.

Judge Hawley indicated further that, in the interim, he would "reach out to some lawyers…to see if they would represent [Plaintiff] solely for purposes of…trying the case." *Id.* at 08:30-08:51. He explained that requesting a limited appointment, as opposed to one requiring a greater time commitment, sometimes increases the likelihood that a lawyer will volunteer to represent an indigent plaintiff. *Id.* 08:52-09:44. Judge Hawley did not rule on Plaintiff's motion to request counsel before the case was transferred to another judge. Judge Long granted Plaintiff's motions. Minute Entry dated Mar. 6, 2025. He did not limit the scope of Plaintiff's counsel's representation at the March 6, 2025, hearing where Plaintiff accepted representation.

Plaintiff's detention and *pro se* status likely affected his ability to search for and hire an expert, and any delay resulting from the search for pro bono counsel was not Plaintiff's fault. Based on Plaintiff's statement that he received assistance from jailhouse lawyers, the Court cannot attribute any lack of diligence in disclosing experts to him. The proposed scope of the expert discovery does not appear likely to cause significant delay, and the parties' ability to conduct fact and expert discovery concurrently mitigates any potential risk.

The Court finds that good cause exists to reopen discovery, and Plaintiff's motion is granted. The Court will reopen fact and expert discovery to the extent requested in the motion. The parties are directed to meet and confer regarding a discovery schedule and to submit a proposed schedule to the Court within the deadline set forth below. The parties are also directed to provide at least three proposed final pretrial conference and trial dates.

### DEFENDANT'S MOTION TO WITHDRAW APPEARANCE (DOC. 128)

Defendant's motion to permit the withdrawal of Yordana J. Wysocki as counsel of record is granted.

**THEREFORE:**

1) **Plaintiff's Motion [122] is GRANTED.**

2) **Plaintiff's Motion [126] is GRANTED. Clerk is directed to docket the proposed reply attached to Plaintiff's motion.**

3) **Plaintiff's Motion [123] is GRANTED.**

4) **Defendants' Motion to Substitute Counsel [128] is GRANTED. Clerk is directed to remove Yordana J. Wysocki as attorney of record for Defendants Lape, Young, and Ruark.**

5) **The parties are directed to meet and confer and to provide to the Court within 14 days of this Order a proposed discovery schedule and at least three proposed final pretrial conference and trial dates.**

*SO ORDERED.*

Entered this 3rd day of July, 2025.

s/Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge
