UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BRANDON MOTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-04093 |
| | ) | |
| CORY RUARK, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

The matter is before the Court for ruling on Plaintiff's Motion for Partial Reconsideration of the Court's November 20, 2025 Order on Defendant's Motion in Limine No. 10 (Doc. 146) and Plaintiff's objection to Defendant calling Brett Josie as a witness.

### PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION (DOC. 146)

Plaintiff's motion seeks reconsideration of the Court's November 20, 2025 Order as it relates to the Court's exclusion of expert testimony regarding the expert's findings nos. 3 and 4. A district court "may reconsider interlocutory orders at any time before final judgment." *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

Plaintiff argues that the Court misapprehended the existence of a factual dispute regarding the nature and operation of segregated housing at the Rock

Island County Jail in light of certain deposition testimony from Defendant Ruark. Plaintiff contends that limited expert testimony is necessary to assist the jury in understanding the operational meaning of segregation and typical inmate-movement practices, and that, absent this testimony, Defendant would be "the exclusive arbiter" on what actions would be considered reasonable under the circumstances presented in this case. Plaintiff urges the Court to reconsider its reliance on *Giles v. Tobeck*, 895 F.3d 510 (7th Cir. 2018), and argues that *Thompson v. City of Chicago*, 472 F.3d 444 (7th Cir. 2006), and *United States v. Brown*, 871 F.3d 532 (7th Cir. 2017), permit limited context-based testimony.

The Court continues to find that expert testimony framed in terms of national standards, institutional policies, or "reasonable officer" requirements risks inviting the jury to substitute policy-based norms for the constitutional standard of objective reasonableness. The Court also reaffirms that expert testimony directly contradicting controlling Seventh Circuit precedent—including *Tobeck*, which holds that failing to escort an inmate back to his cell is, at most, negligence in the circumstances of that case—remains inadmissible. (Doc. 145 at 10–11).

Further, the Court notes that the very deposition testimony Plaintiff relies upon underscores the risk that expert testimony about "typical" segregation practices would convey impermissible prescriptive conclusions. Defendant Ruark testified that segregation at the Rock Island County Jail did not operate as complete isolation and that inmate interaction was common: it was "very, very, very common for an inmate to temporarily be in the dayroom at the same time with an inmate on

their hour out." Ruark Tr. 34:19–35:16; see also 38:23–39:24; 31:7–32:2. The jury will therefore hear that unescorted movement and inmate overlap occurred by design and with regularity.

This factual context is important to the objective reasonableness inquiry because Defendant Ruark's "knowledge of the *factual circumstances* informs whether a reasonable officer under the same circumstances would have developed subjective or personal awareness of the *risk of harm* to the plaintiff." *Davis v. Rook*, 107 F.4th 777, 780 (7th Cir. 2024) (emphasis in original); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (courts "must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 hindsight."). Expert testimony suggesting that segregated housing units ordinarily require escorts or minimize inmate contact would necessarily imply that the Jail's actual practice deviated from accepted norms. Even framed as "context," such testimony would communicate that Defendant should have escorted the inmate and that permitting interaction was improper without regard to the particular circumstances from which this case arose—effectively importing policy-based standards under the guise of custom or practice. This is precisely the type of normative, fault-signaling testimony prohibited by *Thompson* and *Brown* and directly inconsistent with *Tobeck*, which rejects any constitutional requirement to escort an inmate back to his cell. Allowing the expert to describe segregation as something that "typically" entails escorts

would invite the jury to apply a non-constitutional benchmark rather than the objective reasonableness standard under *Kingsley* and its Seventh Circuit progeny.[1]

The Court also finds, to the extent that it is relevant, that exclusion of expert testimony does not render the record so lopsided as to unduly prejudice Plaintiff's ability to present his case or risk that the jury will afford undue weight to Defendant Ruark's testimony. Defendant Ruark is not the only jail official expected to testify with knowledge of the factual circumstances surrounding segregated confinement at the Jail and the methods to minimize any risks of harm that remained available. *See* (Doc. 141 at 8) (listing Christopher Young and Jens Lape as witnesses for Plaintiff at trial); Young Tr. 97:20-99:14 (Christopher Young testified that he routinely escorted detainees housed in segregation to their cell doors and had previously ordered detainees in the day room back to their cells); (Doc. 56-3 at 2, ¶ 13) (affidavit from Jens Lape describing the purpose of the cell block in question). Plaintiff remains free to present this evidence, to use it to establish the factual circumstances Defendant Ruark faced, and to argue to the jury that a reasonable officer in his position would have appreciated the risk to Plaintiff and the measures available to mitigate same.

---

[1] *See Kemp v. Fulton Cty*, 27 F.4th 491, 496 (7th Cir. 2022) (the objective reasonableness standard requires a plaintiff to show, in part, that "[t]he defendant did not take reasonable available measures to abate that risk, *even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved*—making the consequences of the defendant's conduct obvious.") (emphasis in original); *Thomas v. Dart*, 39 F.4th 835, 842 (7th Cir. 2022) (objective reasonableness requires a fact-based inquiry into the particular circumstances of the case); *Davis*, 107 F.4th at 780-81 (same).

The Court finds that Plaintiff has not shown that the Court erred in its application of the law or interpretation of the factual issues. Plaintiff's motion is denied.

### WITNESS BRETT JOSIE

The Court discussed with the parties at the final pretrial conference held November 17, 2025, an objection Plaintiff had made regarding witness Brett Josie, who Defendant Ruark had listed in his witness list in the proposed final pretrial order. Plaintiff argued that Defendant Ruark had failed to identify this witness in his Rule 26 disclosures, and that the failure to do so had motivated Plaintiff's decision not to depose him. The Court's Order entered November 20, 2025, directed the parties to file any argument or authority on this issue by December 1, 2025. (Doc. 145 at 18). Plaintiff filed a brief arguing that the failure to disclose Brett Josie as a witness prejudiced his litigation strategy. (Doc. 149). Defendant Ruark did not file any argument or authority on this issue by the deadline.

Rule 26 requires a party to disclose the name of every individual "likely to have discoverable information…that [the party] may use to support its claims or defenses," and to identify "the subjects of that information." Fed. R. Civ. P. 26(a)(1)(A)(i). Parties have an ongoing duty to supplement these disclosures "in a timely manner" if the party learns new information or discovers that previous disclosure is somehow deficient and "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

A party that fails to comply with these disclosure requirements "is not allowed to use that information or witness to supply evidence…at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Exclusion is "automatic and mandatory" unless the noncomplying party can show its violation was either justified or harmless. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

The parties do not dispute that Defendant Ruark failed to disclose Brett Josie as a witness and that this omission affected Plaintiff's litigation strategy. Defendant has not submitted any argument or authority arguing that the omission was justified or harmless or refuting Plaintiff's assertion of prejudice. The Court finds that Defendant has failed to meet his burden. Pursuant to Fed. R. Civ. P. 37(c)(1), Defendant Ruark is prohibited from calling Brett Josie as a witness.

**THEREFORE:**

1) **Plaintiff's Partial Motion for Reconsideration [146] is DENIED.**

2) **Plaintiff's objection regarding witness Brett Josie is sustained. Defendant Ruark is prohibited from calling Mr. Josie as a witness at trial.**

*SO ORDERED.*

Entered this 9th day of January, 2026.

                                                      s/Ronald L. Hanna
                                                      Ronald L. Hanna
                                      United States Magistrate Judge